**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ISMAEL ARIAS-OSUNA, AKA Ismael Arias, AKA Ismael Arias Osuna,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　　Respondent. | No. 13-71096<br><br>Agency No. A205-319-035<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:　　FARRIS, WARDLAW, and PAEZ, Circuit Judges.

　　Ismael Arias-Osuna, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and de novo claims of due process violations. *Zetino v. Holder*, 622 F.3d 1007, 1011-12 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

Our review is limited to the administrative record, so we do not consider the materials referenced in and attached to Arias-Osuna's opening brief that were not part of the record before the agency. *See Fisher v. INS*, 79 F.3d 955, 963–64 (9th Cir. 1996) (en banc).

We lack jurisdiction to consider any challenge Arias-Osuna makes to the agency's dispositive finding that his asylum claim was time-barred, because he did not raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Thus, we deny the petition as to his asylum claim.

Substantial evidence supports the BIA's determination that Arias-Osuna did not establish that any past incident or future harm was or would be on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) (protected ground must be 'one central reason' for persecution); *see also Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even assuming cognizability of social group, petitioner must show persecution on account of his membership in that group). Thus, Arias-Osuna's withholding of removal claim fails.

13-71096

Substantial evidence also supports the agency's denial of CAT relief because Arias-Osuna failed to establish that it is more likely than not he will be tortured if he is returned to Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).

Finally, we reject Arias-Osuna's due process claims because he has not shown that the proceedings before the IJ were fundamentally unfair. *See Zetino*, 622 F.3d at 1014-15; *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**